**Exhibit MCS-D to Declaration of Maria Crimi Speth**

Dan Booth (Mass. BBO # 672090)
dan@danboothlaw.com
DAN BOOTH LAW LLC
60 Thoreau Street #121
Concord, MA 01742
(646) 573-6596

Counsel for Non-Party Fight for the Future, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ERIK JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>PROCTORIO, INC.,<br><br>Defendant. | Case No.: 2:21-cv-00691-DLR<br><br>**FIGHT FOR THE FUTURE, INC.'S OBJECTION TO DEFENDANT'S SUBPOENA PURSUANT TO FED. R. CIV. P. 45(d)(2)(B)** |

Fight For The Future, Inc. ("FFTF"), through its counsel, hereby states its objections to the subpoena directed to FFTF issued by the defendant in this action, Proctorio, Inc. ("Proctorio"), dated November 23, 2021. The subpoena, attached hereto as Exhibit A, requests production of "all documents and communications" (1) between FFTF and plaintiff Erik Johnson ("Johnson"); (2) between FFTF and plaintiff's counsel, the Electronic Frontier Foundation ("EFF"); (3) between FFTF and Ian Linkletter ("Linkletter"); (4) "related to the proctoring software industry"; and (5) related to Proctorio (collectively the "Requested Documents").

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, FFTF objects to production of the Requested Documents on the following grounds.

1. Lack of Relevance. FFTF objects on the grounds that the Requested Documents have no relevance to any party's claim or defense. None of the Requested Documents could have any pertinence to proving or disproving any pleaded claim, counterclaim, or defense. For example, Requested Documents that are not directly related to Johnson or Proctorio, such as unrelated communications with EFF, and any documents in FFTF's possession generally "related to the proctoring software industry" that do not refer specifically to Proctorio—cannot be relevant to this action.

2. Exceeds the Scope of Discovery. FFTF objects on the grounds that the subpoena seeks discovery of matters that are not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). For example, the subpoena seeks documents and communications between FFTF and Linkletter, though there is no allegation that such communications have anything to do with this case. Proctorio is suing Linkletter in a separate SLAPP action in the Supreme Court of British Columbia, *Proctorio, Inc. v. Linkletter*, No. S-208730, in which Proctorio's attempts to expand the scope of discovery have been largely rebuffed. *See* https://www.bccourts.ca/jdb-txt/sc/21/11/2021BCSC1154.htm. Proctorio's subpoena seeks an end-run around the rules of discovery for documents about a non-party to support an unrelated case. Any Requested Documents involving Linkletter are irrelevant to the instant action, and seeking discovery for ulterior purposes in that unrelated case is improper.

3. Undue Burden. The subpoena seeks voluminous documents unrelated to any valid purpose. Among other things, it requests all FFTF communications with plaintiff's counsel EFF. The request is not limited to any particular topic or issue, and the subpoena is expressly "not limited by time." Exhibit A p. 6. FFTF incorporated as a nonprofit in 2011 and has communicated with EFF on a variety of topics over the last 10 years. Searching for, identifying, reviewing, copying, and producing all such communications would require undue effort that is not feasible

on the terms commanded by the subpoena. The rules of discovery do not support fishing expeditions. *See Vantage Mobility Int'l, LLC v. Kersey Mobility, LLC*, No. CV-19-04684-PHX-JJT, 2020 U.S. Dist. LEXIS 102669, *7-9 (D. Ariz. June 11, 2020) (quashing third-party subpoenas and granting protective order), *aff'd*, 2020 U.S. Dist. LEXIS 143700 (Aug. 10, 2020). FFTF objects on the grounds that complying with the subpoena would impose an undue burden on FFTF.

4. Overly Broad. FFTF objects to the subpoena on the grounds that it is overly broad for seeking materials with no rational connection to any claim or defense in this action. Among other issues, while the subpoena is expressly "not limited by time," Exhibit A p. 6, the counterclaims do not allege any tortious activity prior to September 2020 or after March 2021. FFTF objects to the subpoena to the extent that it requests any documents or communications prior to September 2020 or since March 2021. FFTF further objects to the extent that the subpoena seeks FFTF to produce, or identify as privileged, any Requested Documents that were created or communicated after the commencement of this action on April 21, 2021.

5. Retaliatory. FFTF objects to the subpoena on the grounds that it is retaliatory. The only allegation in any pleading related to FFTF is Proctorio's contention that Johnson retweeted an FFTF tweet and website post critical of Proctorio and its CEO. ECF No. 31, Counterclaim ¶ 19 & n. 13. Any evidence in FFTF's possession, custody, or control pertinent to Johnson's retweet is already in Proctorio's possession. *See* ECF No. 31-8, ECF No. 31-9. Requiring FFTF to respond to the subpoena has no proper purpose and is intended only to impose the costs and burdens of discovery on an outspoken critic of e-proctoring technologies like Proctorio's, and of Proctorio's business practices. FFTF is a digital rights organization with a 10-year history of grassroots advocacy on digital rights and privacy issues, with particular focus on technologies such as facial recognition,

which Proctorio uses, that disproportionately harm Black, Brown, neurodiverse, disabled, LGBTQ+, and low-income people. The subpoena is not genuinely designed to advance any claim or defense, but to retaliate against FFTF for its work protecting the rights of marginalized people to an equitable educational experience, and defending all students from the invasive and fundamentally unnecessary surveillance Proctorio's business model is predicated upon.

6. Improper Party. FFTF objects that any Requested Documents that are relevant and non-privileged can be obtained from Johnson and thus it is duplicative, unnecessary, and harassing to issue a subpoena to FFTF for the same Requested Documents.

7. Attorney-Client Privilege or Attorney Work Product. The subpoena instructs FFTF to identify and produce documents, electronically stored information, and things in the actual or constructive possession of not only FFTF but also of its attorneys. Exhibit A p. 6. It further seeks "all documents and communications" between FFTF and EFF, plaintiff's counsel, which has served as FFTF's counsel in unrelated matters. *Id.* p. 7. FFTF objects to the subpoena on the grounds that any such materials, to the extent they may be both responsive to the subpoena and within the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1), are protected by the attorney-client privilege or the attorney work-product doctrine.

8. Publicly Available. FFTF objects to the subpoena on the grounds that it seeks materials that are publicly available or as easily obtained by Proctorio as by FFTF, including FFTF's posts on its website and on social media.

9. Insufficient Time to Comply. The subpoena was served on November 30, 2021 and requests production on December 6, 2021, just seven days later. FFTF objects to the subpoena on the grounds that it fails to allow a reasonable time to comply. *See Fox v. Traverse City Area Public Schools Bd. of Ed.*, No. 1:07-cv-956, 2009 U.S. Dist. LEXIS 18095, *3-4 (W.D. Mich. Mar. 10, 2009) (citing cases and

other authorities that less than ten days' notice of subpoena is not reasonable); *accord Arminak v. Arminak & Assocs.*, No. CV 16-3882 JAK (SSx), 2017 U.S. Dist. LEXIS 230113, *7 (C.D. Cal. May 23, 2017).

10. Vague and Unclear. The subpoena commands production at the Boston office of TSG Reporting. Exhibit A p. 1. It also instructs FFTF to make production at the San Francisco office of Proctorio's counsel. *Id.* p. 6. FFTF objects to the subpoena on the grounds that it is vague, unclear, and internally contradictory.

Executed this third day of December, 2021 in Concord, Massachusetts.

Dan Booth
Dan Booth Law LLC

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Fight For The Future, Inc.'s Objection to Defendant's Subpoena Pursuant to Fed. R. Civ. P. 45(d)(2)(B) was served upon counsel for Defendant Proctorio, Inc. on this date, December 3, 2021, via email to jkingsolver@crowell.com, gramsey@crowell.com, kmadigan@crowell.com, kghaffari@crowell.com, and jcanter@crowell.com, and via first class mail to Justin Kingsolver, Crowell & Moring LLP, 1001 Pennsylvania Avenue NW, Washington, DC 20004.

Dan Booth
Dan Booth Law LLC