**Exhibit MCS-E to Declaration of Maria Crimi Speth**

**From:** Canter, Jacob
**Sent:** Wednesday, January 12, 2022 12:23 PM
**To:** mcs@jaburgwilk.com
**Cc:** Kingsolver, Justin <JKingsolver@crowell.com>; Ramsey, Gabriel <GRamsey@crowell.com>; Pham, Kyle <KPham@crowell.com>; Tenenbaum, Elissa <ETenenbaum@crowell.com>
**Subject:** Johnson v. Proctorio, 21 Civ. 691 - Ltr Response re FFTF Subpoena Objection

Ms. Crimi Speth,

Please see attached the correspondence regarding Proctorio, Inc.'s subpoena request to Fight For The Future. We were informed by Mr. Dan Booth that all correspondence on this matter should be directed to you.

Kind regards,

**Jacob Canter | Crowell & Moring LLP**
3 Embarcadero Center, 26th Floor
T: +1 415-365-7210 | M: +1 415-385-3716
JCanter@crowell.com | www.crowell.com

Admitted in CA and DC



3 Embarcadero Center, 26th Floor, San Francisco, CA  94111 ∎ p415.986.2800 ∎ f415.986.2827

**Jacob Canter**
(415) 365-7210
JCanter@crowell.com

January 12, 2022

**VIA ELECTRONIC MAIL**

Ms. Maria Crimi Speth
Jaburg Wilk, Attorneys at Law
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012
mcs@jaburgwilk.com

     Re:    *Erik Johnson v. Proctorio, Inc.*, Case No. 2:21-cv-00691-DLR

Dear Ms. Crimi Speth:

     I write on behalf of Proctorio, Inc. ("Proctorio") in response to the letter sent by Mr. Dan Booth, counsel for Fight For The Future, Inc. ("FFTF"), laying out your client's objections to Proctorio's third-party subpoena in the above-captioned litigation.  As you are aware, Mr. Erik Johnson sued Proctorio in April 2021 for a declaratory judgment of non-infringement and for allegedly making misrepresentations as part of a DMCA takedown, pursuant to 17 U.S.C. § 512(f). Proctorio thereafter raised defenses, including unclean hands, and counterclaims, including trade libel and tortious interference with contract and/or business expectancy.  The publicly-filed versions of both Mr. Johnson's Complaint and Proctorio's Answer and First Amended Counterclaim ("Counterclaim") are attached herein for your convenience.  *See* Ex. A, B. Moreover, as part of the ongoing litigation between Mr. Johnson and Proctorio, the Court has approved a Protective Order and ESI Protocol, which are also attached for your convenience.  *See* Ex. C, D.

     The objections to the five document requests (the "Document Requests") issued to Fight For The Future outlined in Mr. Booth's letter are unwarranted.  Each request is relevant to claims and defenses in the litigation between Mr. Johnson and Proctorio, and each request fully complies with Federal Rules of Civil Procedure.  Moreover, the need for third-party document discovery is heightened in this particular case due to Mr. Johnson's destruction of relevant evidence, including evidence containing communications with your client.  *See* Ex. E.  Nonetheless, to alleviate any potential burden and to expedite the conferral process, Proctorio agrees to modify its Document Requests consistent as described below.

January 12, 2022
Page 2

I. **RELEVANT ALLEGATIONS**

The Counterclaim explains that since September 2020, Mr. Johnson has consistently published statements about Proctorio that he "either knows are false or misleading, or that he has made with a reckless disregard of their falsity or misleading nature." Counterclaim, ¶ 10. Mr. Johnson's false and misleading statements about Proctorio are numerous. In particular for present purposes, the Counterclaim explains that Mr. Johnson made false public statements that "unlawfully defame Proctorio's executives":

> For instance, in two March 3 tweets, Mr. Johnson twice re-tweeted a black-and-white mugshot-style picture of Mike Olsen, who is described as Proctorio's "creepy CEO," and suggested that Mr. Olsen had developed a "Teenage Lap Cam." *See* Ex. F (**Mar. 3, 2021 re-tweets**). Mr. Johnson likewise shared an article published on the webpage of an organization called "Fight for the Future"—which, on information and belief, Mr. Johnson and those closely connected to him, including, on information and belief, at least one member of his immediate family, are affiliated with—which falsely described Proctorio's technology as "literally mak[ing] young people film themselves for a spyware app" and suggested Proctorio sent its DMCA notices because "Mike [Olsen] was SO bummed that Erik [Johnson] would dare to interrupt Mike's filming of teenage laps." *See* Ex. G. The disgusting—and legally unacceptable—implication of these Tweets was apparent.

*Id*. ¶ 19, 19 n. 13. Images of the tweets that are referenced in these allegations are attached to the Counterclaim and incorporated therein by reference.[1] The Counterclaim also explains that "Mr. Johnson and his team have directed false, misleading, defamatory, and outright outrageous statements at Proctorio's CEO Mr. Olsen as well—including vile, false, and defamatory suggestions that Mr. Olsen has a prurient interest in children. Exs. F, G." *Id*. 60. The "team" referenced here is FFTF. In even more direct terms, the Counterclaim explains that "[t]o spread [his] false statements, [Mr. Johnson] also acted in concert with sympathetic organizations like 'Fight for the Future.'" *Id*. ¶ 122.

"Though Mr. Johnson published his false statements in cyberspace, they have real-world consequences," including lost business and reputational damage. *Id*. ¶ 19. In addition, the Counterclaim explains that "[t]he false statements have also led to substantial false negative publicity about Proctorio and its leadership. . . . [For example,] the company has been referred to as 'racist' and an 'enemy of students,' and its products called 'spyware.' Moreover, due to Mr. Johnson and certain false and defamatory materials published by your client, Proctorio CEO Mr. Olsen has been referred to as 'a creep,' as hating students, and as 'a pedophile.' None of this is accurate or true." *Id*. ¶ 80.

---

[1] The Exhibits from the Counterclaim cited in the above paragraph are attached for your convenience at Exhibit F.

January 12, 2022
Page 3

On the basis of these and related allegations, Proctorio has entered discovery to obtain documents and materials that can establish its counterclaims. As stated above, one of the counterclaims is for trade libel. Under Arizona law, trade libel requires proving "intent or knowledge that the publication will result in harm." *FLP, LLC v. Wolf*, 2017 WL 4699490, at *2 (D. Ariz. Oct. 19, 2017) (citing Restatement (Second) Torts § 623A; *Gee v. Pima City.*, 612 P.2d 1079, 1079 (Ariz. Ct. App. 1980)). Similarly, Proctorio has entered discovery to obtain documents and materials that can defeat Mr. Johnson's claims and support its own defenses, including the defense of unclean hands. "To prevail on a defense of unclean hands [under Arizona law], a defendant must demonstrate 'that the plaintiff's conduct is inequitable.'" *World Nutrition Inc. v. Advanced Enzymes USA*, 2020 WL 7123033, at *1 (D. Ariz. Dec. 4, 2020) (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987)).

II. **THE SIGNAL LETTER**

Approximately one month after the start of discovery, on November 29, 2021, counsel for Proctorio received a letter from counsel for Mr. Johnson. *See* Ex. E (the "Signal Letter"). The Signal Letter states that

> [i]n the course of preparing documents and ESI for production in response to Defendant Proctorio, Inc.'s requests for production, [counsel for Mr. Johnson] learned that some of Plaintiff Erik Johnson's communications through the Signal messaging application ("Signal") were irretrievably deleted by Signal's "disappearing messages" feature.

*Id.* The Signal Letter explains that Mr. Johnson failed to permanently turn off the Signal auto-delete feature until October 6, 2021 and, on one occasion in September 2020, did turn off the auto-delete feature but then subsequently deleted those messages in approximately January 2021.

The Signal Letter identifies that communications with 27 separate persons were irretrievably deleted due to Mr. Johnson's conduct. **One of these correspondents is "Lia Holland." The relationship between Mr. Johnson and Lia Holland is described as "Fight for the Future." The subject of the communications between Mr. Johnson and Lia Holland is described as "Proctorio."** This letter makes clear, by admission of one of the parties in this litigation, that FFTF possesses relevant and discoverable information.

III. **THE DOCUMENT REQUESTS SEEK MATERIAL RELEVANT TO THE DEFENSES AND COUNTERCLAIMS AND ARE NOT OVERLY BROAD, DISPROPORTIONATE, OR UNDULY BURDENSOME.**

Each Document Request seeks material that is relevant to proving claims and/or defenses at issue in this litigation. Moreover, each request complies with the Federal Rules of Civil Procedure, and none of the requests are overly broad, disproportionate, or unduly burdensome.

January 12, 2022
Page 4

- **Request No. 1:** ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and PLAINTIFF.

Mr. Johnson has admitted that he coordinated with FFTF about Proctorio.  *See* Ex. E.  Proctorio is entitled to discovery regarding the substance of this coordination because it is relevant to the claims and defenses in this dispute.  For example, documents and communications between Mr. Johnson and FFTF are relevant to the trade libel claim because they can shed light on Mr. Johnson's motives to make false and defamatory statements about Proctorio and its executives.  Such communications between Mr. Johnson and FFTF where they discuss views about Proctorio or its executives or discuss statements they intend to make about Proctorio and why they intend to make those statements can all establish motive.  Relatedly, documents and communications between Mr. Johnson and FFTF are relevant to, *inter alia*, the unclean hands defense because they can identify whether Mr. Johnson's conduct in relation to Proctorio was inequitable.  For example, documents that Mr. Johnson prepared in tandem with FFTF which make false and defamatory statements about Proctorio's executives, or statements made about Mr. Olsen which evince an intent to punish him, can establish inequity.

- **Request Nos. 2 & 3:** ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and [No. 2] EFF / [No. 3] LINKLETTER.

Johnson has admitted that he coordinated with the Electronic Frontier Foundation ("EFF") and with Ian Linkletter about Proctorio.  *See* Ex. E.  Moreover, EFF employees have accused Proctorio of fraud.  Counterclaim, ¶ 60 n. 33.  And Ian Linkletter has made false and defamatory statements about Proctorio and its executives.  Proctorio is entitled to discovery regarding whether any of the communications made by EFF or Linkletter regarding Proctorio, or any of the actions taken by either EFF or Linkletter regarding Proctorio, were coordinated with FFTF.  Documents and communications on these topics may be relevant to, *inter alia*, the trade libel counterclaim, the tortious interference counterclaim, the copyright infringement counterclaim, and the unclean hands defense.

- **Request Nos. 4 & 5:** ALL DOCUMENTS AND COMMUNICATIONS RELATED TO [No. 4] the PROCTORING SOFTWARE INDUSTRY / [No. 5] DEFENDANT.

As already explained herein, Mr. Johnson has admitted that he coordinated with FFTF about Proctorio.  *See* Ex. E.  Also, the Counterclaim alleges that FFTF and Johnson were a "team" in their defamation of Proctorio and its executives.  *See* Counterclaim, ¶ 122.  Proctorio is entitled to discovery regarding Proctorio and the proctoring software industry as this is relevant to the coordinated action FFTF and Mr. Johnson took against Proctorio.  For example,

Proctorio is entitled to discovery regarding both FFTF's documents and communications related to Proctorio, and the industry where Proctorio operates.  For example, internal statements or stratagems developed by FFTF may have been communicated to Mr. Johnson through means

January 12, 2022
Page 5

that are not available via discovery in this litigation—perhaps orally, but more notably, through the Signal communications that Mr. Johnson allowed to be destroyed in violation of his preservation obligations.

### IV.   THE DOCUMENT REQUESTS ARE NOT RETALIATORY.

As already explained, the purpose of the Document Requests is to seek documents and communications that can shed light on the claims and defenses at issue in this litigation, including *inter alia* the unclean hands defense and the trade libel counterclaim. The documents and communications sought as part of the Document Requests, as explained herein, are relevant to proving and disproving these claims and defenses. These are legitimate document requests consistent with the obligations placed on litigants in federal court, and there is nothing at all retaliatory about them.

Moreover, the recent revelation from Mr. Johnson that he destroyed evidence makes the need to seek discovery from third-parties more pressing. *See* Ex. E. It is likely that the Signal correspondence that has been deleted contained communications that would shed light on the same topics that Proctorio is seeking to discover here.

### V.   THE DOCUMENT REQUESTS DO NOT SEEK PRIVILEGED OR PUBLICLY AVAILABLE MATERIALS.

The Document Requests do not seek privileged materials, and Proctorio agrees to amend its requests to clarify the same. We note, though, that EFF does extensive non-legal, policy- and advocacy-oriented work related to remote proctoring technology and other subject-matters that are highly relevant to the litigation between Mr. Johnson and Proctorio. Any documents or communications related to EFF's non-legal work do not fall under any privilege. Moreover, and more important, even while EFF acted as Mr. Johnson's counsel, documents and communications provided to FFTF by EFF are not privileged, as their publication to FFTF constitutes waiver of any otherwise-applicable privilege(s).

None of the requests explicitly seek publicly available communications. But to forestall further disputes, Proctorio agrees to amend the Document Requests to clarify that they seek no publicly available materials.

* * * * *

We trust that the above addresses your objections to the Document Requests. Nonetheless, in an effort to expedite this process and to alleviate the need for judicial intervention, we agree to the following modifications to Document Requests.

1. ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and PLAINTIFF RELATING TO DEFENDANT and the PROCTORING SOFTWARE

January 12, 2022
Page 6

    INDUSTRY, excluding any privileged or publicly available materials, from January 1, 2018, to the present.

2. ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and EFF RELATING TO DEFENDANT and the PROCTORING SOFTWARE INDUSTRY, excluding any privileged or publicly available materials, from January 1, 2018, to the present.

3. ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and LINKLETTER RELATING TO DEFENDANT and the PROCTORING SOFTWARE INDUSTRY, excluding any privileged or publicly available materials, from January 1, 2018, to the present.

4. ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the PROCTORING SOFTWARE INDUSTRY, excluding any privileged or publicly available materials, from January 1, 2018, to the present.

5. ALL DOCUMENTS AND COMMUNICATIONS RELATED TO DEFENDANT, excluding any privileged or publicly available materials, from January 1, 2018, to the present.

We are available to discuss the contents of this letter over the phone or via Zoom. Please let us know what times work for your schedule. In any event, we look forward to hearing from you no later than **January 21, 2022**.

    Yours truly,

    Jacob Canter
    Gabriel M. Ramsey
    Justin D. Kingsolver

    CROWELL & MORING LLP
    *Counsel for Proctorio, Inc.*