# EXHIBIT JC-3

| | |
|---|---|
| **From:** | Maria Crimi Speth <mcs@jaburgwilk.com> |
| **Sent:** | Monday, March 7, 2022 2:57 PM |
| **To:** | Kingsolver, Justin; Canter, Jacob; Albert, Kendra |
| **Cc:** | Bavitz, Christopher; Kortz, Mason; Yan, Jaylia-HLSCLINICS; Kaiser, Zoe-HLSCLINICS; Ramsey, Gabriel; Tenenbaum, Elissa; Pham, Kyle |
| **Subject:** | RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass. |
| **Attachments:** | FFTF 001-16 (combined).pdf |

External Email

Here are the endorsed versions of the documents we produced.

MARIA CRIMI SPETH | Shareholder
Direct 602.248.1089 | mcs@jaburgwilk.com
Jaburg Wilk

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.

-----Original Message-----
From: Maria Crimi Speth <mcs@jaburgwilk.com>
Sent: Monday, March 7, 2022 12:34 PM
To: Kingsolver, Justin <JKingsolver@crowell.com>; Canter, Jacob <JCanter@crowell.com>; Albert, Kendra <kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <cbavitz@law.harvard.edu>; Kortz, Mason <mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <GRamsey@crowell.com>; Tenenbaum, Elissa <ETenenbaum@crowell.com>; Pham, Kyle <KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

Justin:

I appreciate your email and I did not mean to sound accusatory.  I do apologize for any strain our later designation has caused.

I will have my paralegal send you a new set that is properly designated.

Maria Crimi Speth
| SHAREHOLDER

1

Direct 602.248.1089 | mcs@jaburgwilk.com This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.

From: Kingsolver, Justin <JKingsolver@crowell.com>
Sent: Monday, March 7, 2022 12:18 PM
To: Maria Crimi Speth <mcs@jaburgwilk.com>; Canter, Jacob <JCanter@crowell.com>; Albert, Kendra <kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <cbavitz@law.harvard.edu>; Kortz, Mason <mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <GRamsey@crowell.com>; Tenenbaum, Elissa <ETenenbaum@crowell.com>; Pham, Kyle <KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

Maria,   To be quite candid, our team has not "escalated" the tenor of this conversation, especially given the highly irregular circumstances.  Your last-minute designation is highly prejudi Caution! This message was sent from outside your organization.
https://urldefense.com/v3/__https://mail-cloudstation-us-east-2.prod.hydra.sophos.com/mail/api/xgemail/smart-banner/aeb69950802132c1461aebe4732221b6__;!!LB4zUoiJ9F1unGg!4cc0PgV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrnR41Z6Ig$ | https://urldefense.com/v3/__https://mail-cloudstation-us-east-2.prod.hydra.sophos.com/mail/api/xgemail/smart-banner/cffd32aee080cb683e4a89550b755a5c__;!!LB4zUoiJ9F1unGg!4cc0PgV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrm0PJO22g$
sophospsmartbannerend
Maria,

To be quite candid, our team has not "escalated" the tenor of this conversation, especially given the highly irregular circumstances.  Your last-minute designation is highly prejudicial to Proctorio, as it will require filing-day modifications and an unnecessary scramble that could have easily been avoided had you read materials that you have had in your possession for months.

Regardless, we will do as you ask and treat these documents as confidential pursuant to your day-of-filing confidentiality designations, and, consistent with that designation, file a motion to seal.  Going forward, I would ask that you refrain from last-minute designations that require substantial modifications to briefs on the day of filing.  It can always be avoided, and it adds needless strain to our junior associate and paralegal team.

Thanks,
Justin

Justin D. Kingsolver

Crowell & Moring LLP

mailto:JKingsolver@crowell.com

+1.202.624.2927 direct

From: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Sent: Monday, March 7, 2022 11:56 AM
To: Canter, Jacob <mailto:JCanter@crowell.com>; Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email
Jacob:

Perhaps we could de-escalate this a bit. Let me explain more and hopefully that will help. As a non-party to the case, FFTF is not familiar with what has occurred between the parties. I also did not remember that you included the protective order in the 113-page communication you sent me two months ago.

I realize that we did not mark the production confidential or AEO.  But your Friday afternoon email below, which I did not read until this morning, states, "…because the document that we received which contains these communications has been designated as privileged by counsel for Mr. Johnson."  I did not know that until now.  (I left work early on Friday for a family weekend in the mountains).

This morning, in the middle of a CLE that I was scheduled to be attending, I saw a flurry of emails from over the weekend and very quickly scrambled to assist Massachusetts counsel in getting the two newly discovered emails to you. I was focused on being response to your request in light of your deadline, rather than carefully reading your email below in which you indicate that those documents had been designated by a party as confidential.

I note that you also say below, "We intend to include the email correspondence between FFTF and Mr. Johnson as a confidential exhibit to our opposition brief" so it is hard to understand what the prejudice is.

In summary, to the extent that Mr. Johnson, who is a party to this case, designated the same emails as confidential, we join in that designation.

It seems to me that you considered them all along to be confidential because you knew that Mr. Johnson had designated them as confidential.


Maria Crimi Speth
| SHAREHOLDER
Direct 602.248.1089 | mailto:mcs@jaburgwilk.com
This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of

such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.


From: Canter, Jacob <mailto:JCanter@crowell.com>
Sent: Monday, March 7, 2022 10:44 AM
To: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>; Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.


Maria:   We included the Protective Order in the initial letter to you on January 12, 2022.  See Attached (Exhibit C, pp. 72-89).  It would be extraordinarily prejudicial to Proctorio i
Caution! This message was sent from outside your organization.
https://urldefense.com/v3/__https://us-east-
2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbS92My9fX2h0dHBzOi9tYWlsLWNs
b3Vkc3RhdGlvbi11cy1lYXN0LTIucHJvdGVj5oeWRyYS5zb3Bob3MuY29tL21haWwvYXBpL3hnZW1haWwvc21hcnQtYmFubmb
VyLzQxMTNjNTllZWI0M2QyMTE5MDczODQ2Y2Y3OTMzYjg5X187ISFMQjR6VW9pJ9F1unGg!4cc0PgV_3C-
PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrmPaENpEA$  | https://urldefense.com/v3/__https://us-east-
2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbS92My9fX2h0dHBzOi9tYWlsLWNs
b3Vkc3RhdGlvbi11cy1lYXN0LTIucHJvdGVj5oeWRyYS5zb3Bob3MuY29tL21haWwvYXBpL3hnZW1haWwvc21hcnQtYmFubmb
VyLzc3N2I1NmRiM2JhZTlxNjNjNzNlYTUzOTQxZDM5MmEyX187ISFMQjR6VW9pSjlGMXVuR2chOFdzQSUsxTWgtT01ldFIzM
XZQeERaeGl0Tkw3NTV5UXBZWjh1a3RXQVVja3dyZ3I4I4NWZsWWIyc2hNUnptZXJJJamNHOCQ=&i=NWZjN2IzODDkNTFiOTU
wZGY5Zjc2ZThI&t=QkY5c1oyZVJqWkhINzRhaUwxakZ3OFRRU29VSXpqdi9kd2doMkp5cnFSVT0=&h=6629a146c2c84c22ad
d7f5c6af9ac20f__;!!LB4zUoiJ9F1unGg!4cc0PgV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrlbQh3Apw$
sophospsmartbannerend
Maria:

We included the Protective Order in the initial letter to you on January 12, 2022.  See Attached (Exhibit C, pp. 72-89).  It would be extraordinarily prejudicial to Proctorio if – after two months of knowing about the Protective Order, and only hours before having to file documents in Federal Court – you inform us that the documents must be designated.  We demand that, if you choose to designate these documents, you prepare a stipulation to permit the extension of time for Proctorio to file its opposition papers, and explain in the stipulation that the extension is due to your failure to read materials we sent to you.

Please respond as soon as possible with your designation decision, and, if necessary, with the proposed stipulation.

Jacob Canter


Pronouns: he/him/his



Crowell & Moring LLP

mailto:JCanter@crowell.com

+1.415.365.7210 direct

 |

+1.415.385.3716 mobile

From: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Sent: Monday, March 7, 2022 9:32 AM
To: Canter, Jacob <mailto:JCanter@crowell.com>; Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email
Jacob:

Following up on my last email, you mentioned filing the emails as a confidential exhibit and, in previous emails, you agreed that the production could be marked confidential or AEO. Please send me a copy of the protective order in this case. I have never seen that and I would like to review it to determine whether we need to designate any of the emails produced as confidential or AEO.

Maria Crimi Speth
| SHAREHOLDER
Direct 602.248.1089 | mailto:mcs@jaburgwilk.com
This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.

From: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Sent: Monday, March 7, 2022 10:04 AM
To: Canter, Jacob <mailto:JCanter@crowell.com>; Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

Jacob:

I am attaching an email string located by Caitlin Seely George.  FFTF previously produced what it believed to be a complete set of the correspondence, which was located by Lia Holland searching her emails.  Lia Holland does not have the two emails that you identified. FFTF believed that Ms. George's email records would produce only duplicative results.

Once you identified two additional communications, which you clearly already had in your possession, Ms. George printed her email string, which does have those two additional emails.

This is, of course, a side issue and we do not believe there is any need to refile anything. There were no "false" statements; there was an oversight.


Maria Crimi Speth
| SHAREHOLDER
Direct 602.248.1089 | mailto:mcs@jaburgwilk.com
This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.


From: Canter, Jacob <mailto:JCanter@crowell.com>
Sent: Sunday, March 6, 2022 4:43 PM
To: Albert, Kendra <mailto:kalbert@law.harvard.edu>; Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

Thanks very much for the email, Kendra.  Please send over the documents as soon as possible so that we can incorporate them into the brief.  Can you also please confirm that, based on your a
Caution! This message was sent from outside your organization.
https://urldefense.com/v3/__https://us-east-
2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbvbS92My9fX2h0dHBzOi91cy1lYXN0LTlucHJvdGVjdGlvbi5zb3Bob3MuY29tP2Q9dXJsZGVmZW5zZS5jb20mdT1hSFIwY0hNNkx5OTFjbXhrZWldabGJuTmxMbU52Yl
M5Mk15OWZYMmgwZEhCcek9pOXRZV2xzTFdOc2IzVmtjM1JoZEdsdmJpTFjeTFsWVhOMExUSXVjSEp2WkM1b2VXUnlZU
zV6YjNCb2IzTXVZMjl0TDlxaGFXd3ZZWEJwTDNoblpXMHhhV3d2YzIxaGGNuUXRZbUZ1Ym1WeUx6aGGpZemMwWWpreFpU
Vm1aV0ZzTURCak5UWFRBRNakEzVWVRRRKa05XUmlaak0yWDE4N0lTRk1RallI2Vlc5cFNqbEdNWFZ1UjJaExVMWZTRGMxWjAxd
lMyZDJNVGxsSWWtsNVNuUNRm9iRUZDWVhwak1rTjNSbkJoUWs5VVRtNVRSMWhhUkdkkU2RHSm1RV1J3Tm5SeFJWSnZlRTV
WU2xOM0pBPBPT0maT1OV1pqTjJJek9EZGtOVEZpT1RVd1pHWTVaamMyMyWlRobCZ0PVdYTjJTVUUyWWpOVE1sVlljbTh2ZGp
NM2RUbHFaRVpOV1U5aVJ6Y3lJJSako2V1VRd09VTkxlbEZMWnowPSZoPWJmZDZjMzMwMDBjMDQ4MWJiZTFmN2IwMjcy
MmU4NGNjX187ISFMQjR6OVW9pSjlGMXVuR2chOFdQSUsxTWgtT01ldFIzMXZQeERaeGl0Tkw3NTV5UXBZWjh1a3RRXQVVja
3dyZ3l4NWZsWWlyc2hNUnptptZ1dUNkN4SSQ=&i=NWZjN2IzODkNNTFiOTUwZGY5Zjc2ZThl&t=OGEyZzlqZVo0YTFueW9xTG
FWakgxTnF5aGpSU3dTQS9ZYUxYWFplYWpTST0=&h=6629a146c2c84c22add7f5c6af9ac20f__;!!LB4zUoiJ9F1unGg!4cc0P
gV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrmnIpKB8g$  | https://urldefense.com/v3/__https://us-
east-

2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbS592My9fX2h0dHBzOi91cy1lYXN0LTIucHJvdGVjdGlvbi5zb3Bob3BMuY29tP2Q9dXJsZGVmZW5zZS5jb20mdT1hSFIwY0hNNkx5OTFjbXhrWldabGJuTmxMbU52YlM5Mk15OWZYMmgwZEhCek9pOXRZV2xzT1FdOc2IzVmtjM1JoZEdsdmJpMTFjeTFsYVhOME1xUSXVjSEp2WkM1b2VXUlnlZUzV6YjNCb2IzTXVZMjl0TDIxaGFXd3ZZWEJwTDNoblpXMWhhV3d2YzIxaGNuUXRZbUZ1Ym1WeUwyRTROVEUwT0dOaVpXXWXdaVGN4WmpRelptWmlZalkzWWpZMVpHRmxPRGRtWDE4N0lTRk1RalI2Vlc5cFNqbEdNWkFkN0Tkw3NTV5UXBZWjh1a3RTm5SeFJWSlBZalkyTkhrd0pBPT0maT1OV1pqTjJjZEj5EZGtOVEZpT1RVd1pHWHWjNekJxZGk5NVpuaEhSRzVzUVhkM2EzZzBaSE5xYW1OUGVYRm5Za0UxVFVoSFdNoxWndUbWh2TkQwPSZoPWJmZDJjMzMwMDBjMDQ4MWJiZTFmN2IwMjcyMmU4NGNjZX187ISFMQjR6VW9pSjlGMXVuR2chOFdQSUsxTWgtT01ldFIzMXZQeERaaeGl0Tkw3NTV5UXBZWjh1a3RYQVVja3dyZ3I4NWDZS2WWIyc2hNUnptSW5yUzJQWSQ=&i=NWZjN2IzODdkNTFiOTUwZGY5Zjc2ZThl&t=a0xrNzNLMkJWalJmL3R4NlUzY3lBM3lVTnZkRElnV0VBVlJseEdYOXJLbz0=&h=6629a146c2c84c22add7f5c6af9ac20f___;!!LB4zUoiJ9F1unGg!4cc0PgV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrnK79Uc_Q$

sophospsmartbannerend

Thanks very much for the email, Kendra.  Please send over the documents as soon as possible so that we can incorporate them into the brief.  Can you also please confirm that, based on your and your client's internal investigation of documents in FFTF's possession, custody, and control, there are no more documents responsive to our amended RFP No. 1?


We note your position that you do not believe it is necessary to refile the motion, despite acknowledging that the memorandum of law and Speth Decl. both contain false statements.  We intend to notify the Court.  Please let us know if your position changes.


Jacob Canter

Associate

Pronouns: he/him/his



Crowell & Moring LLP

mailto:JCanter@crowell.com

+1.415.365.7210 direct

 |

+1.415.385.3716 mobile




From: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Sent: Sunday, March 6, 2022 2:35 PM
To: Canter, Jacob <mailto:JCanter@crowell.com>; Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>

Subject: Re: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email
Dear Jacob,
Thank you for identifying those additional emails for us. The information you provided allowed us to locate them, and we will produce them to you, consistent with our previous position on the subpoena. Hopefully that saves you the effort of filing a motion to seal.

We will not be refiling our motion, because it is our position that the existence of two additional emails produced pursuant to part one of the subpoena has no bearing on the merits of the motion to quash, which concerns parts two through five.  Nothing about these emails changes the fact that Proctorio's request for all of FFTF's internal communications regarding Proctorio is overbroad, would violate FFTF's First Amendment right to associate and advance shared political beliefs if enforced, and does not meet the bar for relevance.

Kendra
---
Kendra Albert

Clinical Instructor / Cyberlaw Clinic @ Harvard Law School
Director / Initiative for a Representative First Amendment (IfRFA)

Pronouns: they/them/their


From: Canter, Jacob <mailto:JCanter@crowell.com>
Date: Sunday, March 6, 2022 at 2:43 PM
To: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>, Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>, Kortz, Mason <mailto:mkortz@law.harvard.edu>, Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>, Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>, Ramsey, Gabriel <mailto:GRamsey@crowell.com>, Kingsolver, Justin <mailto:JKingsolver@crowell.com>, Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>, Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.
Kendra,

We are writing to let you know that we intend to include the email correspondence between FFTF and Mr. Johnson as a confidential exhibit to our opposition brief, and accordingly will be filing a motion to seal that exhibit as well.  Also, we do not intend to wait until 6:00 PM ET to file our opposition brief, so if you plan to refile your motion it would be helpful to know as soon as practicable.

Kind regards,

Jacob Canter

Associate

Pronouns: he/him/his


Crowell & Moring LLP

mailto:JCanter@crowell.com

+1.415.365.7210 direct

|

+1.415.385.3716 mobile

From: Canter, Jacob
Sent: Friday, March 4, 2022 1:04 PM
To: 'Maria Crimi Speth' <mailto:mcs@jaburgwilk.com>; Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:etenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

Hi Maria,

Here is what we can state:

• Both Lia Holland (mailto:lia@fightforthefuture.org) and Caitlin Seeley George (mailto:caitlin@fightforthefuture.org) from FFTF are part of the correspondence
• The communications were over email with Erik Johnson
• These are emails on February 26, 2021, and March 4, 2021
• Both emails were sent by Lia and Caitlin was cc'd to the March 4 email
• The emails are part of a chain that continues a conversation that was produced by FFTF to Proctorio

We cannot state any more about the communications, because the document that we received which contains these communications has been designated as privileged by counsel for Mr. Johnson.  If it facilitates your investigation, we can ask whether counsel for Mr. Johnson will permit the disclosure of this document to the members of this email thread.

Jacob Canter


Pronouns: he/him/his



Crowell & Moring LLP

mailto:JCanter@crowell.com


+1.415.365.7210 direct

|

9

+1.415.385.3716 mobile

From: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Sent: Friday, March 4, 2022 12:43 PM
To: Canter, Jacob <mailto:JCanter@crowell.com>; Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email
Jacob:

I have asked FFTF to double check to see if they have any communications on those two dates and they do not.  Please let me know which FFTF member these communications were with so that FFTF can check one more time. If they find more communications, we will update our production. If not, my declaration is accurate and FFTF has no other communications in their possession. Your assumptions and accusations ignore that just because FFTF was a party to a communication last year does not mean they are still in possession of that communication. FFTF is not a party to a lawsuit, nor had it received any notice that would have triggered a duty to preserve communications. FFTF had no duty to keep every email to which its members were a party.

Maria Crimi Speth
| SHAREHOLDER
Direct 602.248.1089 | mailto:mcs@jaburgwilk.com
This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.

From: Canter, Jacob <mailto:JCanter@crowell.com>
Sent: Thursday, March 3, 2022 8:06 PM
To: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>; Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

Kendra,   We are writing about an issue involving FFTF's Motion to Quash that we believe requires your immediate attention.  The Motion to Quash states that "FFTF produced all correspondence

Caution! This message was sent from outside your organization.

https://urldefense.com/v3/__https://us-east-2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbS92My9fX2h0dHBzOi91cy1lYXN0LTIucHJvdGVjdGlvbi5zb3Bob3MuY29tP2Q9dXJsZGVmZW5zZS5jb20dT1hSFIwY0hNNkx5OTFjbXhrWldabGJuTmxmbU52Yl
M5Mk1SOWZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2lzTXVZMjl0UDJROWRYSnNaR
1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGhyV2xkYWJHSnVUbXhhYllU1MllsTTVNazE1T1daWU1tZ3
daRWhDZWs5cE9YUlpWMnh6Vk1hZk1U2dMYSXpWbXRqTTFKb1pFZHNkbUpwTVRGamVURnNXVmhPTUV4VVNYVmpTRXAyV
2tNMWIyVlhVbmxaVXpWNllqTkNiMkl6VFhWWk1qbD2BUREl4YUdGWGQzWlpXRUp3VEROb2JscFhNV2hoVjNkMll6SXhhR
051VVhSWmJVWjFZbTFXZVV3eVJtMU5lbEY0V2tkVmVGclFVhelJaVkVKclRtcFpNVnBVUVRSWmVrVXpXbGRTYkU5SFdURlp
hbFV3V0RFNE4wbFRSazFSYWxJMlZsYzVjRk5xYkVkTldGWjFVakpqYUU1R1JtWlRWV2h0VGtoV1prMXJZM1BZTTJSU1lVVTV
SbGxXVmpabFIwNVZaVmhLVTFwR2FFOVNSVTV6VVZoa2NHNRnJlRVJWTVVaWVpcG5lVmRYUmxsaU1tUk1aSHBhV1Zreldq
Rk9TR3hLVWpKR1JrcEJQVDBtYVQxT1YxcHFUakpKZWs5RVpHdE9WRVpwVDFSVmQxcEhXVFZhYW1NeVdsUm9iQ1owUFU
xWFNqWmpha3BPVDBSU2VtUkdRa1JUUmsxNllWUkJNMkpxYUdwWGJXUjZaVzFrVlZSSFNuSmllSemsvV2xWSk1tVlhjekpP
UTNSMlkzb3dQU1pvUFdNE56RTJNalJtWlRlCaU56UTJZVGc0WWprek5URXpZV05r5T1RSbU1qSTNYMTg3SVNGTVFqUjZW
VzlwU2psR01YVnVSSMmNoTFUxZlNEYzFaMDF2UzJkMk1UbFJZa2w1U25Gb2JFRkNZWHBqTWtOM1JuQmhRazlVVG01VFIx
aGFSR2RTZEdKbVFXUndOblJ4U0ZKMlQxTkpUblpyySkE9PSZpPU5XWmpOMkl6T0Rka05URmlPVFV3WkdZNVpqY2JaVGhsJn
Q9U2xoNVdsZFBkSEJXYWpSdVRIUnFFUM2hXZW10VU1FUnpiVTl1WkZooeGJXWlFaWEJqY1FveFkyNXJUVDA3Jmg9YmZkNm
MzMzAwMGMwNDgxYmJMWY3YjAyNzIyZTg0Y2NfXzshIUxCNHpVb2lOKOUYxdW5HZyE4V1BJSzFNaC1PTWV0UjMxdlB4RF
p4aXROTDc1NXlRcFlaOHVrdFdBVWNrd3Jncjg1ZmxZYjJzaE1Sem1IU4CNHpVb2lKOUYxdW5HZyE4V1BJSzFNaC1PTWV0UjM
ZThl&t=MlVKZWxZSW9mZEw2bHd2RERYTkRKNWFaVWg3STBYMUhqZ0ZhSFZuYVRmRT0=&h=6629a146c2c84c22add7f5
c6af9ac20f__;!!LB4zUoiJ9F1unGg!4cc0PgV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrmn6J6m-g$  |
https://urldefense.com/v3/__https://us-east-2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbS92My9fX2h0dHBzOi91cy1lYXN0LTIucHJvdGVjdGlvbi5zb3Bob3MuY29tP2Q9dXJsZGVmZW5zZS5jb20dT1hSFIwY0hNNkx5OTFjbXhrWldabGJuTmxmbU52Yl
M5Mk1SOWZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2lzTXVZMjl0UDJROWRYSnNaR
1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGhyV2xkYWJHSnVUbXhhYllU1MllsTTVNazE1T1daWU1tZ3
daRWhDZWs5cE9YUlpWMnh6Vk1hZk1U2dMYSXpWbXRqTTFKb1pFZHNkbUpwTVRGamVURnNXVmhPTUV4VVNYVmpTRXAyV
2tNMWIyVlhVbmxaVXpWNllqTkNiMkl6VFhWWk1qbD2BUREl4YUdGWGQzWlpXRUp3VEROb2JscFhNV2hoVjNkMll6SXhhR
051VVhSWmJVWjFZbTFXZVVkdtE5aVmt4V2xScmQxbXBFSbXRhVkU1c1RWZEdiVTllVVRGUFJGWGnBUbGRGTlZscCVNtaFpi
VVY0V0RFNE4wbFRSazFSYWxJMlZsYzVjRk5xYkVkTldGWjFVakpqYUU1R1JtWlRWV2h0VGtoV1prMXJZM1BZTTJSU1lVVTV
SbGxXVmpabFIwNVZaVmhLVTFwR2FFOVNSVTV6VVZoa2NHNRnJlRVJWTVVaWVpcG5lVmRYUmxsaU1tUk1aSHBhV1Zreldq
Rk9TR3hLVWpKR1JrcEJQVDBtYVQxT1YxcHFUakpKZWs5RVpHdE9WRVpwVDFSVmQxcEhXVFZhYW1NeVdsUm9iQ1owUFU
xWFNqWmpha3BPVDBSU2VtUkdRa1JUUmsxNllWUkJNMkpxYUdwWGJXUjZaVzFrVlZSSFNuSmllSemsvV2xWSk1tVlhjekpP
UTNSMlkzb3dQU1pvUFdNE56RTJNalJtWlRlCaU56UTJZVGc0WWprek5URXpZV05r5T1RSbU1qSTNYMTg3SVNGTVFx
jZWVzlwU2psR01YVnVSSMmNoTFUxZlNEYzFaMDF2UzJkMk1UbFJZa2w1U25Gb2JFRkNZWHBqTWtOM1JuQmhRazlVVG01
VFIxaGFSR2RTZEdKbVFXUndOblJ4U0ZKMIVmlUelpOSkE9PSZpPU5XWmpOMkl6T0Rka05URmlPVFV3WkdZNVpqY2JaVG
hsJnQ9WVBCWklwWmVRRTRVStlVHVvaVA5bVcrY3gvR0FUVUNLM1NURWdxS2FtVT0=&h=6629a146c2c84c22add7f5c
6af9ac20f__;!!LB4zUoiJ9F1unGg!4cc0PgV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrk-Ql9u5g$
sophospsmartbannerend

Kendra,

We are writing about an issue involving FFTF's Motion to Quash that we believe requires your immediate attention.  The Motion to Quash states that "FFTF produced all correspondence in its possession between FFTF and Johnson, fulfilling Request (1). Speth Decl. ¶¶ 8-10."  However, based on our investigation of the documents produced by Mr. Johnson, we are very confident that your client has not produced all correspondence in response to Request (1).  Specifically, we have identified further communications on February 26, 2021, and March 4, 2021, between a member of Fight for the

Future and Mr. Johnson, that builds upon correspondence that has been produced by your client.  We hope that this identification allows your client to expediently address this production misstep.

As you are aware, Rule 11(b) states that

[b]y presenting  to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

FRCP 11(b)(3).  We believe that, pursuant to Rule 11, you have an obligation to refile the Motion to Quash either after producing this missing document to Proctorio, or with an amendment stating that FFTF has not produced all correspondence in its possession in compliance with Request (1).  Please let us know how you intend to proceed.

Kind regards,

Jacob Canter


Pronouns: he/him/his



Crowell & Moring LLP

mailto:JCanter@crowell.com

+1.415.365.7210 direct

 |

+1.415.385.3716 mobile




From: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>
Sent: Thursday, February 24, 2022 5:17 PM
To: Canter, Jacob <mailto:JCanter@crowell.com>; Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email

That is a disappointingly inaccurate characterization of our conversation.


Maria Crimi Speth
| SHAREHOLDER
Direct 602.248.1089 | mailto:mcs@jaburgwilk.com
This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.


From: Canter, Jacob <mailto:JCanter@crowell.com>
Sent: Thursday, February 24, 2022 12:44 PM
To: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Maria Crimi Speth <mailto:mcs@jaburgwilk.com>; Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.


Hi Kendra,   Thank you for confirming that it is your position that Rule 37.1 "does not apply."  It remains our position that Rule 37.1 applies – and, from our reading of your motion, which
Caution! This message was sent from outside your organization.
https://urldefense.com/v3/__https://us-east-2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbS92My9fX2h0dHBzOi91cy1lYXN0LTIucHJvdGVjdGlvbi5zb3Bob3MuY29tP2Q9dXJsZGVmZW5zZS5jb20mdT1hSFIwY0hNNkx5OTFjbXhrWldabGJuTmxMbU52bS52Yl M5Mk1SOWZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2IzTXVZMjl0UDJROWRYSnNaR1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGR4V2xkabGJuTmxMbU52bS52YlM5Mk1SOWZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2IzTXVZMjl0UDJROWRYSnNaR1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGR4V2xkabGJuTmxMbU52bS52YlM5Mk1SOWZYMmgwZEhCek9wPVYeGtZV0pIU25WVWJYaE5ZbFUxTWxsc1RUVNazE1T1daWU1tZ3daRWhDZWs5cE9URmplVEZzV1ZoT01FeFVTWFZqU00vwMlpFZFdhbVJIYkhaaWFUVjJZak5DYjJJelRYVlpNamwwVURKUk9XUllTbk5hRjADQnRaVm9odoeVYyeGtZV0pIU25WVWJYaE5ZbFUxTWxsc1RUVNazE1T1daWU1tZ3daRWhDZWs5cE9URmplVEZzV1ZoT01FeFVTWFZqU00vwMlpFZFdhbVJIYkhaaWFUVjJZak5DYjJJelRYVlpNamwwVURKUk9XUllTbk5hRjADUllUbk5hSmpBVFBKUk9XUllTbk5aMGQxZFdhRks5qUjBsNVRraFNhMWRGVENWCGJHUkhaFTUkUxSWJFMWlhMG8xV1dwS1VtUlhSa2xpUjNScVlsVldNVmw2U1RWa01rWklUMWh3VFdKVk5USlpiRTAxWkVac1dKSklUazFPWTFveldWWk5OVVHYjNsV2JsSmFWako0ZWxSRVRrOWtSbXQwSW13YlphYUUxTjwQ1RWWkxVJWR3djRzlaYlRBeFlrZE9jjRTlYZUU5V01WWTJWR3hTVm1VWk5YUlNWRlpPWVd0d2d2RGUllDRzVVslRGRlVsUkdZV0pWWTNwWGJYQmhZa1p3ZEZZSkZDbkRza1ZVZTJlJXD3JMXZ1ZFY5Wbn BHTTFkVVNrdGRpVlowVFphV1YxSllRbk5X6XVZWRFWmhBVVJlYVZhWVZjRFdmOU8vCk5VWbnBHTTFkVVNrdGRpVlowVFphV1YxSklSbGxSb2tXZRmtVRldPbEZzcVpVR3VyeFVGRFdjE9Na2w2VDBSa2EyOUVwS2 VXbElUMWh3VkZkS1VSlpiRjBTSHFNU5CbFVMHdWZSWWcwT3J7FvHTFk0MgVk0yaUN0Zm1ZRUplqUJ0Mg90M1QZVBhbUxZVmEhTZG93TFprNGpwVmV4YjZ5d3JpNQ1RWWQOU1UbXhaTlEkZVRkZVU1cVZmYWJuAQ05IcFZiMmx4LT___;!!LB4zUoiJ9F1unGg!4cc0PgV_3C-PoMaLXgYhWz_7s97PuHoiYDlnbxKSgmYdoyiPKBCmOrnjU6WWag$  |
https://urldefense.com/v3/__https://us-east-

2.protection.sophos.com?d=urldefense.com&u=aHR0cHM6Ly91cmxkZWZlbnNlLmNvbS92My9fX2h0dHBzOi91cy1lYXN0LTIucHJvdGVjdGlvbi5zb3Bob3MuY29tP2Q9dXJsZGVmZW5zZS5jb20mdT1hSFIwY0hNNkx5OTFjbXhrWldabGJuTmxmbU52Y1M5Mk15ZFgyh0dHBzOi91cy1lYXN0LTIucHJvdGVjdGlvbi5zb3Bob3MuY29tP2Q9dXJsZGVmZW5zZS5jb20mdT1hSFIwY0hNNkx5OTFjbXhrWldabGJuTmxmbU52Y1M5Mk1S0WZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2IzTXVZMjl0UDJROWRYSnNaR1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGhyV2xkabGJuTmxmbU52Y1M5Mk1S0WZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2IzTXVZMjl0UDJROWRYSnNaR1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGhyV2xkabGJuTmxmbU52Y1M5Mk1S0WZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2IzTXVZMjl0UDJROWRYSnNaR1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGhyV2xkabGJuTmxmbU52Y1M5Mk1S0WZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2IzTXVZMjl0UDJROWRYSnNaR1ZtWlc1elpTNWpiMjBtZFQxaFNGSXdZMGhOTmt4NU9URmpiWGhyV2xkabGJuTmxmbU52Y1M5Mk1S0WZYMmgwZEhCek9pOTFjeTFsWVhOMExUSXVjSEp2ZEdWamRHbHZiaTV6YjNCb2IzTXVZMjl0UDJROWRYSnNaR1ZtWlc1elpTNWpiMjBtZFQxaFNHSXdZMGhOTmt4
sophospsmartbannerend

Hi Kendra,

Thank you for confirming that it is your position that Rule 37.1 "does not apply." It remains our position that Rule 37.1 applies – and, from our reading of your motion, which contained a "certification of compliance with Rule 37.1," it was also very recently your client's apparent position that Rule 37.1 applied. The rule covers "any discovery motion" and your motion to quash is a discovery motion. We also submit that your surprise motion to quash is inconsistent with one of the purposes of Rule 37.1—to forestall surprise motions and related unnecessary litigation tactics.

Based on the service date of Saturday, February 19, we will file our opposition on Monday, March 7, 2022. See FRCP 6(a)(1)(C). And just for completeness' sake, Proctorio does not intend to drop the remainder of the subpoena, so no discussion at the moment is necessary. Proctorio has already substantially narrowed its discovery requests to only Nos. 1 and 5. And Proctorio agreed to accept all documents with an Attorneys Eyes Only designation. FFTF has completely refused to acknowledge Proctorio's efforts to limit its requests—indeed, FFTF has not offered a single proposal for how to narrow the requests in any way that would address their concerns. Ms. Speth even admitted on the zoom call that internal documents and communication about Mr. Johnson and Proctorio would clearly be responsive, yet stated that FFTF refuses to cooperate.

Kind regards,

Jacob Canter


Pronouns: he/him/his



Crowell & Moring LLP

mailto:JCanter@crowell.com

+1.415.365.7210 direct

 |

+1.415.385.3716 mobile

From: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Sent: Wednesday, February 23, 2022 10:30 AM
To: Canter, Jacob <mailto:JCanter@crowell.com>
Cc: Maria Speth <mailto:mcs@jaburgwilk.com>; Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: Re: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email
Hi Jacob,
I admit to being a bit confused. Below you said that you needed to know if we thought Rule 37.1 applied because it mattered for motion timing. It does not. Now there seems that there is some other reason why Rule 37.1 is relevant, but you are asking us to make a statement on its application without explaining what that reason is.

In the interest of not prolonging a conversation that has nothing to do with the substance of this matter, it is our position that given that FFTF is a non-party to the suit in question, Rule 37.1, the local rules addendum to Rule 37, does not apply to a motion to quash under Rule 45. Rule 37 and 37.1 explicitly contemplate parties, where as Rule 45 discusses "persons subject to the subpoena," a more accurate description of FFTF.   That being said, we do not waive the argument that we substantially complied with Rule 37.1, even if we do not believe it applies.

In any case, I would hate to waste the court's time with a debate over whether Rule 37.1 or Rule 7.1 (or some other rule) applies when it is clear from the papers filed so far that FFTF and Proctorio met, tried to resolve the matter, and were not able to reach agreement on the substance of the subpoena before the filing of our motion. In addition, FFTF's counsel has had extensive communications with you about the scope of the subpoena and compliance. Of course, if Proctorio would like to discuss dropping the remainder of the subpoena, we would be happy to chat.

Kendra
---
Kendra Albert

Clinical Instructor / Cyberlaw Clinic @ Harvard Law School
Director / Initiative for a Representative First Amendment (IfRFA)

Pronouns: they/them/their

From: Canter, Jacob <mailto:JCanter@crowell.com>
Date: Tuesday, February 22, 2022 at 6:01 PM
To: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Maria Speth <mailto:mcs@jaburgwilk.com>, Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>, Kortz, Mason <mailto:mkortz@law.harvard.edu>, Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>, Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>, Ramsey, Gabriel <mailto:GRamsey@crowell.com>, Kingsolver, Justin <mailto:JKingsolver@crowell.com>, Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>, Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.
Hi Kendra,

I think I've figured it out.  We just received from the building the documents you mailed, and can confirm they arrived on Saturday the 19th.  We accept service as of that date.

I appreciate you pointing out Rule 7.1, though I do not agree that it applies.  Based on my review of the local rules, I still believe that Rule 37.1 applies.  Could you please answer the question and let me know whether it is your position that Rule 37.1 applies?  We believe this is relevant information for purposes of preparing our opposition brief.  If you refuse to respond we will state that in our opposition brief.

Kind regards,

Jacob Canter


Pronouns: he/him/his



Crowell & Moring LLP

mailto:JCanter@crowell.com


+1.415.365.7210 direct

 |

+1.415.385.3716 mobile






From: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Sent: Tuesday, February 22, 2022 1:31 PM
To: Canter, Jacob <mailto:JCanter@crowell.com>

Cc: Maria Speth <mailto:mcs@jaburgwilk.com>; Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin <mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle <mailto:KPham@crowell.com>
Subject: Re: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email
Hi Jacob,
Under FRCP 5(b)(1), if a party is represented by an attorney, service must be made on the attorney. Given that Maria was already in conversation with you about the subpoena, we were hoping you would be willing to accept service by email. But since it was not clear whether or when you would accept such service, we mailed the documents to your office on February 19. That means that service was complete per FRCP 5(b)(2)(C) on February 19.

With regards to the Local Rule 37.1 issue, you would have 14 days from service under either 37.1 or 7.1, which would put the due date of any opposition on March 7. So our position on 37.1 does not seem material to your deadline.

Kendra
---
Kendra Albert

Clinical Instructor / Cyberlaw Clinic @ Harvard Law School
Director / Initiative for a Representative First Amendment (IfRFA)

Pronouns: they/them/their


From: Canter, Jacob <mailto:JCanter@crowell.com>
Date: Tuesday, February 22, 2022 at 3:37 PM
To: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Maria Speth <mailto:mcs@jaburgwilk.com>, Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>, Kortz, Mason <mailto:mkortz@law.harvard.edu>, Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>, Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>, Ramsey, Gabriel <mailto:GRamsey@crowell.com>, Kingsolver, Justin <mailto:JKingsolver@crowell.com>, Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>, Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.
Hi Kendra,

We confirmed today with our client that we can accept service.  Accordingly, service is complete as of today—February 22, 2022.  If you have caselaw that suggests we can accept service without consent of the client, we are open to seeing it.  Until then, and only if you provide actual law to the contrary, we accept service as of today.

Can you please confirm whether it is your position that Rule 37.1 applies?  Your below email suggests that it does not, but also notes that a certificate of compliance with Rule 37.1 is included in the motion to quash.  We need to know this to determine the deadline for filing the opposition brief.

Kind regards,

Jacob Canter


Pronouns: he/him/his

Crowell & Moring LLP

mailto:JCanter@crowell.com

+1.415.365.7210 direct

 |

+1.415.385.3716 mobile

From: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Sent: Saturday, February 19, 2022 10:42 AM
To: Canter, Jacob <mailto:JCanter@crowell.com>
Cc: Maria Speth <mailto:mcs@jaburgwilk.com>; Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason
<mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS
<mailto:zkaiser.jd23@hlsclinics.org>; Ramsey, Gabriel <mailto:GRamsey@crowell.com>; Kingsolver, Justin
<mailto:JKingsolver@crowell.com>; Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>; Pham, Kyle
<mailto:KPham@crowell.com>
Subject: Re: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

 External Email
Mr. Canter,
Thank you for offering to check with your client about email service. We've also mailed off a copy of the documents to
your office. So service via mail is complete as of today.

Even assuming for the purpose of argument that Rule 37.1 applies to non-parties, you and Ms. Speth spoke on Feb 18
about whether a compromise was reachable between your client's position on the subpoena and ours. Although the
issues have been narrowed through negotiation, at that point, no mutually agreeable position was possible. We address
this in the Speth declaration, as well as in our certification of compliance with Rule 37.1.

Fight for the Future reserves all rights.

Best,
Kendra
---
Kendra Albert

Clinical Instructor / Cyberlaw Clinic @ Harvard Law School
Director / Initiative for a Representative First Amendment (IfRFA)

Pronouns: they/them/their

From: Canter, Jacob <mailto:JCanter@crowell.com>
Date: Friday, February 18, 2022 at 6:32 PM
To: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Cc: Maria Speth <mailto:mcs@jaburgwilk.com>, Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>, Kortz, Mason <mailto:mkortz@law.harvard.edu>, Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>, Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>, Ramsey, Gabriel <mailto:GRamsey@crowell.com>, Kingsolver, Justin <mailto:JKingsolver@crowell.com>, Tenenbaum, Elissa <mailto:ETenenbaum@crowell.com>, Pham, Kyle <mailto:KPham@crowell.com>
Subject: RE: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.
Hi Mx. Albert,

Thank you for the email.  We need to speak with our client about accepting service and can get back to you after the holiday next week.  In the interim, we notice that your motion fails to comply with local rule 37.1, as we did not receive from you or Ms. Crimi Speth notice of any intention to file a motion to quash.  Could you please explain?  Proctorio reserves all rights, including to seek fees.

Kind regards,

Jacob Canter


Pronouns: he/him/his



Crowell & Moring LLP

mailto:JCanter@crowell.com


+1.415.365.7210 direct

 |

+1.415.385.3716 mobile





From: Albert, Kendra <mailto:kalbert@law.harvard.edu>
Sent: Friday, February 18, 2022 2:29 PM
To: Canter, Jacob <mailto:JCanter@crowell.com>
Cc: Maria Speth <mailto:mcs@jaburgwilk.com>; Bavitz, Christopher <mailto:cbavitz@law.harvard.edu>; Kortz, Mason <mailto:mkortz@law.harvard.edu>; Yan, Jaylia-HLSCLINICS <mailto:jyan.jd22@hlsclinics.org>; Kaiser, Zoe-HLSCLINICS <mailto:zkaiser.jd23@hlsclinics.org>
Subject: Johnson v. Proctorio: Motion to Quash Filed in D. Mass.

External Email

Dear Mr. Canter,

My name is Kendra Albert. I am a Massachusetts attorney (BBO #705086) and a Clinical Instructor at the Harvard Cyberlaw Clinic. The Clinic currently represents Fight for the Future in the matter of the subpoena your client, Proctorio, Inc., served on Fight for the Future on November 30, 2021.

We have filed the attached motion to quash, along with the attached memorandum of law, declarations, and exhibits, in the District Court for the District of Massachusetts as case number 22-mc-91079.

Please let me know if you will consent to deem service complete by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E), or if you prefer that we perform service by mail. If you have any questions regarding the motion, please feel free to contact me at this email address.

Thank you,
Kendra
---
Kendra Albert

Clinical Instructor / Cyberlaw Clinic @ Harvard Law School
Director / Initiative for a Representative First Amendment (IfRFA)

Pronouns: they/them/their