IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Erik Johnson, an individual,<br><br>        Plaintiff,<br>v.<br><br>Proctorio, Inc., a Delaware corporation,<br><br>        Defendant.<br><hr>Proctorio, Inc., a Delaware corporation,<br><br>        Counterclaimant,<br>v.<br><br>Erik Johnson, an individual,<br><br>        Counterdefendant. | Case No. 1:22-mc-91079<br>U.S. District Court for the District of Massachusetts<br><br>Case No. 2:21-cv-00691-DLR<br>U.S. District Court for the District of Arizona |

**DECLARATION OF JACOB CANTER**

I, Jacob Canter, declare as follows:

1. I am a lawyer at the law firm Crowell & Moring LLP and counsel for Defendant Proctorio, Inc. ("Proctorio"). I make this declaration in support of Proctorio's opposition to the Motion to Quash or Modify Subpoena ("Motion to Quash") filed by Third Party Fight for the Future ("FFTF").

2. I make this declaration based on my own personal knowledge or information and belief, where indicated. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

3. In my role as counsel for Proctorio, I have been part of substantially all communications with the company related to this litigation since Crowell & Moring LLP was retained by Proctorio.

4. On April 21, 2021, Plaintiff Erik Johnson filed a complaint against Proctorio,

1

seeking a declaratory judgment of noninfringement and alleging that Proctorio violated 17 U.S.C. § 512(f).  A true and correct copy of this document is attached to this Declaration as **Exhibit JC-A**.

5.     On July 2, 2021, Proctorio answered the Complaint and filed counterclaims.  It later filed an amended version, dated September 7, 2021.  Consistent with its obligations under Federal Rule of Civil Procedure 11(b)(3), Proctorio filed the amended counterclaim after counsel for Plaintiff Erik Johnson, on September 3, 2021, notified Proctorio of a typographical error related to the date of certain alleged conduct.  A true and correct copy of the amended filing is attached to this Declaration as **Exhibit JC-B**.

6.     As part of my representation, I wrote the subpoena dated November 23, 2021, served on FFTF ("Subpoena").  A copy of this document is attached to this Declaration as **Exhibit JC-C**.

7.     Since then, I have been involved in all correspondence with FFTF and have reviewed all of the materials filed by FFTF as part of its Motion to Quash.

8.      During my investigation into the facts related to the legal dispute between Mr. Johnson and Proctorio, I examined communications between Mr. Johnson and FFTF regarding various topics, including a website disparaging Proctorio, MikeOlsenTeenageLapCam.com.

9.     While investigating the facts related to the legal dispute between Mr. Johnson and Proctorio, I also examined communications between Mr. Johnson and Ian Linkletter, another individual who publicly opposes Proctorio, about Proctorio and the proctoring software industry.

10.    Before FFTF responded to the Subpoena, Proctorio received a letter from Mr. Johnson's counsel, stating that Mr. Johnson had permitted "communications through the Signal messaging application" to be "irretrievably deleted."  A true and correct copy of this document is

attached to this Declaration as **Exhibit JC-D**.

11.     On December 3, 2021, counsel for FFTF served FFTF's objections to the Subpoena upon counsel for Proctorio. A true and correct copy of this document is attached to this Declaration as **Exhibit JC-E**.

12.     After reviewing FFTF's objections, I responded to FFTF's objections with a letter on January 12, 2022, that notified FFTF of Johnson's apparent spoliation of evidence and agreed to narrow the document requests in the Subpoena. A true and correct copy of this document is attached to this Declaration as **Exhibit JC-F**.

13.     On February 3, 2022, I received an email from different counsel for FFTF agreeing to produce documents in response to the first request for production and refusing to produce any documents in response to any of the remaining requests. The letter did not raise new objections, only restating existing objections. A true and correct copy of this document is attached to this Declaration as **Exhibit JC-G**. At this time, the documents produced by FFTF were not designated as confidential.

14.     On February 4, 2022, I sent an email agreeing to limit the document requests to only Request No. 5 and agreeing to accept all documents and communications in response to the request under the Attorneys' Eyes Only Designation. A true and correct copy of this document is attached to this Declaration as **Exhibit JC-H**.

15.     On February 7, 2022, I received an email from FFTF with a new objection that responding to Request No. 5 would require "substantial hours to searching for voluminous responsive documents." A true and correct copy of this document is attached to this Declaration as **Exhibit JC-I**. In this email—and also in the Memorandum of Law in Support of the Motion to Quash and an associated declaration—counsel for FFTF stated that all documents in FFTF's

possession or control have been produced in response to the first request for production.

16. Between February 9, 2022, and February 18, 2022, I corresponded with FFTF further in an attempt to resolve its remaining issues with the Subpoena. The efforts were not successful. A true and correct copy of these communications is attached to this Declaration as **Exhibit JC-J**.

17. On February 18, 2022, I had a video conference meeting with FFTF's counsel in which FFTF's counsel stated that FFTF would refuse to produce any additional documents despite Proctorio's efforts to narrow the requests. I scheduled this video conference in order to have a final conferral prior to Proctorio filing a motion to compel FFTF's compliance with the Subpoena. On the same day, Proctorio received the Motion to Quash. This was the first time that I learned about FFTF's Motion to Quash. Counsel for FFTF had not mentioned the Motion to Quash a single time across the months of communications.

18. As part of my preparation for the brief in opposition to the motion, I identified a document produced by Johnson that is a communication between he and FFTF, but that was not produced by FFTF.

19. After recognizing that FFTF's response to Request for Production No. 1 appears incomplete, I informed FFTF about the perceived misstep in FFTF's production and its potential misstatement to me and to the Court. After I provided additional information to help FFTF identify the missing documents, counsel for FFTF stated that FFTF did have the documents in question. FFTF agreed to produce the documents, but did not agree to refile its Motion to Quash. A true and correct copy of my communications with FFTF is attached to this Declaration as **Exhibit JC-K**.

20. A true and correct copy of the document produced in response to RFP No. 1 on

March 7, 2022, is attached to this Declaration as **Exhibit JC-L.**  Though FFTF initially did not designate these documents as confidential, it later chose to designate these documents as confidential, as well as all documents produced by FFTF.  The confidential documents are the subject of Proctorio's Motion to Seal.

    I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 7th day of March, 2022 in Washington, D.C.

_____
Jacob Canter