# Exhibit JC-C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, an individual,<br><br>    Plaintiff,<br>v.<br><br>Proctorio, Inc., a Delaware corporation,<br><br>    Defendant.<br>———————————————————<br>Proctorio, Inc., a Delaware corporation,<br><br>    Counterclaimant,<br>v.<br><br>Erik Johnson, an individual,<br><br>    Counterdefendant. | Case No. 2:21-cv-00691-DLR |

**NOTICE OF SUBPOENA TO THIRD-PARTY FIGHT FOR THE FUTURE**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45 and the Local Rules of Civil Procedure for the U.S. District Court for the District of Arizona, Defendant Proctorio, Inc. ("Proctorio") intends to serve a Subpoena to Produce Documents upon third-party Fight for the Future. The subpoena commands compliance at 12:00 p.m. Eastern time on December 6, 2021 at the offices of TSG Reporting (225 Franklin Street, 26th Floor, Boston, MA 02110). A true and correct copy of the subpoena is attached hereto as **Exhibit A**.

| | | |
|---|---|---|
| 1 | Dated:  November 23, 2021 | CROWELL & MORING LLP |
| 2 | | |
| 3 | | By: ___JbCR___ |
| 4 | | Jacob Canter* |
| | | **CROWELL & MORING LLP** |
| 5 | | 3 Embarcadero Center, 26th floor |
| | | San Francisco, CA 94111 |
| 6 | | Telephone: (415) 986-2800 |
| | | Email: JCanter@crowell.com |
| 7 | | |
| | | Justin D. Kingsolver |
| 8 | | **CROWELL & MORING LLP** |
| | | 1001 Pennsylvania Avenue NW |
| 9 | | Washington, D.C. 20004 |
| | | Telephone: (202) 624-2500 |
| 10 | | Email: JKingsolver@crowell.com |
| 11 | | Gabriel M. Ramsey* |
| | | Kristin Madigan* |
| 12 | | Kayvan M Ghaffari* |
| | | **CROWELL & MORING LLP** |
| 13 | | 3 Embarcadero Center, 26th floor |
| | | San Francisco, CA 94111 |
| 14 | | Telephone: (415) 986-2800 |
| | | Email: GRamsey@crowell.com |
| 15 | | *Admitted pro hac vice. |
| 16 | | *Attorneys for Defendant Proctorio, Inc.* |

(Lines 17–28 blank)

CROWELL & MORING LLP
ATTORNEYS AT LAW

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, a true and correct copy of this document was served by electronic mail no Plaintiff's counsel of record.

By:  */s/ Jacob Canter*
       Jacob Canter
       *Attorney for Defendant Proctorio, Inc.*

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| Erik Johnson | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-00691-DLR |
| Proctorio, Inc. | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Fight for the Future - C/O Terri Woodbury, 150 Hardwick Rd., Barre, MA 01005, Fight for the Future-106 Belgrade Ave., Roslindale, MA 01231

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: TSG Reporting, 225 Franklin Street, 26th Floor, Boston, MA 02110 | Date and Time: 12/06/2021 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/23/2021

*CLERK OF COURT*

OR     /s/ JbCt

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Proctorio, Inc. , who issues or requests this subpoena, are:

Jacob Canter, 3 Embarcadero Ctr. San Francisco CA 94111, jcanter@crowell.com, 415-986-2800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-00691-DLR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

Case 1:22-mc-91079-DJC   Document 14-4   Filed 03/07/22   Page 8 of 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
# DEFINITIONS

Insofar as any of the terms below are used herein, the following definitions shall apply:

1. "PLAINTIFF" means Erik Johnson, the individual who filed the Complaint in *Johnson v. Proctorio, Inc.*, 21 Civ. 691 (D. Ariz. 2021), as well as any person or entity acting on his behalf as an agent, representative, or in any other formal or informal capacity.

2. "DEFENDANT" means Proctorio, Inc.

3. "FIGHT FOR THE FUTURE" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

4. "PROCTORING SOFTWARE INDUSTRY" means the companies that have developed and license software to facilitate remote proctoring services, and which includes, though may not be limited to, DEFENDANT, ExamSoft, and ProctorU.

5. "EFF" means the Electronic Frontier Foundation and any of its former or present officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

6. "LINKLETTER" means Ian Linkletter, the individual with the Twitter handle @Linkletter, as well as any person or entity acting on his behalf as an agent, representative, or in any other formal or informal capacity.

7. "DOCUMENT" or "DOCUMENTS" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter or other medium of any kind or character, however produced, reproduced, or stored upon which intelligence or information is recorded or from which intelligence or information can be derived, which is or has been in your possession, custody, or control.  The term "DOCUMENT" or "DOCUMENTS" specifically includes information, data, and material produced, stored, or

maintained in electronic, magnetic, and/or computerized media or devices. Any non-identical copies of a DOCUMENT (whether different from the original because of the inclusion of notes, comments, notations, interlineations, receipt stamps, or otherwise) are to be considered a separate "DOCUMENT" or "DOCUMENTS."

8. "COMMUNICATION" or "COMMUNICATIONS" means any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type, and/or media of any kind.

9. RELATE TO," "RELATED TO," AND "RELATING TO" mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10. "PERSON" and "PERSONS" means any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11. "ANY" shall mean any or all and the term "ALL" shall mean any or all.

12. "AND" and "OR" and "BETWEEN" and "AMONG" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

13. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and

vice-versa, as necessary to bring within the scope of the following requests all information or DOCUMENTS that would be excluded absent this definition.

## GENERAL INSTRUCTIONS

1. FIGHT FOR THE FUTURE shall identify, produce, AND permit the visual inspection AND reproduction of the following DOCUMENTS, electronically stored information, AND things which are in its possession, custody, or control, including DOCUMENTS, electronically stored information, AND things in the actual OR constructive possession of FIGHT FOR THE FUTURE, its attorneys, experts, AND anyone else acting on its behalf. The production and visual inspection shall take place at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties).

2. These requests are not limited by time unless stated within the request itself.

3. Unless otherwise stated, the geographic scope covered by these requests is worldwide.

4. If FIGHT FOR THE FUTURE claims that ANY DOCUMENT, tangible object, OR other thing responsive to ANY request was once in its possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, FIGHT FOR THE FUTURE shall identify with particularity each such DOCUMENT AND set forth:

   (a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed;

   (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND

   (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions.

5. In the event that FIGHT FOR THE FUTURE contends that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, EFF shall:

(a) identify each such DOCUMENT by date, author(s), signer(s), intended recipient(s), AND addressee(s);

(b) identify each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed;

(c) state the general subject matter of the DOCUMENT; AND

(d) state the ground on which the claim of privilege OR immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6. If FIGHT FOR THE FUTURE claims a privilege OR immunity with regard to ANY DOCUMENT responsive to ANY discovery request below, FIGHT FOR THE FUTURE should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege OR immunity.

7. These requests are continuing in nature under Rule 26(e) of the Federal Rules of Civil Procedure. If, at ANY time prior to the completion of the above-captioned matter, FIGHT FOR THE FUTURE obtains OR becomes aware of additional DOCUMENTS, tangible objects, AND things responsive to these requests, FIGHT FOR THE FUTURE shall promptly supplement its response to provide such DOCUMENTS, tangible objects, AND things to DEFENDANT.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and EFF.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and LINKLETTER.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the PROCTORING SOFTWARE INDUSTRY.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO DEFENDANT.