UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIK JOHNSON,<br><br>*Plaintiff/Counterdefendant*,<br><br>v.<br><br>PROCTORIO INC.,<br><br>*Defendant/Counterclaimant*. | Case No. 1:22-mc-91079<br>U.S. District Court for the District of Massachusetts<br><br>Case No. 2:21-cv-00691-DLR<br>U.S. District Court for the District of Arizona<br><br><u>**Leave to File Granted 03-11-2022**</u> |

**FIGHT FOR THE FUTURE'S REPLY TO OPPOSITION TO MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS**

Fight for the Future ("FFTF") respectfully submits this reply memorandum in response to Proctorio Inc.'s Memorandum in Opposition of Fight for the Future's Motion to Quash or Modify Subpoena (Dkt. No. 14) ("Opp. Mem.").

**I.      A heightened relevance standard is warranted under the First Amendment.**

Proctorio argues that the First Amendment privilege does not apply because Proctorio is a private corporation. Opp. Mem at 12. However, the opening paragraph of the case it cites in support confirms that the subpoena at issue was served by private litigants. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010). Moreover, that court expressly notes that the First Amendment privilege "applies to discovery orders 'even if all of the litigants are private entities.'" *Id.* at 1160 n.5 (quoting *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987)). Consistent with this rule, this Court and others have applied the First Amendment privilege in cases involving only private parties. *See Sexual Minorities of Uganda v. Lively*, 2015 WL 4750931 at *1 (D. Mass. Aug. 10, 2015) (applying *Perry* in a case between private actors); *Aldapa v. Fowler Packing Co., Inc.*, 2016 WL 3361807 at *2 (E.D. Cal. Jun. 16, 2016) (same); *Toering v. EAN Holdings LLC*, 2016 WL 11626756 at *1, 3 (W.D. Wash. Jul. 22, 2016) (same).

FFTF has made a *prima facie* showing of First Amendment infringement. First, disclosure of materials related to Proctorio would chill FFTF's internal communications and operations. *See* Memorandum of Law in Support of Motion to Quash or Modify Subpoena at 7 (Dkt. No. 2) ("FFTF Mem."); Declaration of Sarah Gaudette ¶¶ 16 (Dkt. No. 2-1) ("Gaudette Decl."). The court in *Perry* found that "muting the internal exchange of ideas" implicated a protected interest. 591 F.3d at 1163 (finding a chilling effect where committee member reported being "less willing to engage in [internal] communications knowing that my private thoughts [and] political and moral views may be disclosed"). Second, disclosure may open FFTF's associates to harassment by Proctorio.[1] *See* FFTF Mem. at 3, 7, 12; Gaudette Decl. ¶ 17. This Court has found a First Amendment privilege where disclosure may subject third parties to retaliation. *See Sexual Minorities of Uganda*, 2015 WL 4750931 at *4.

Although the context is different than a California ballot proposition or threats against LGBTQ activists in Uganda, FFTF has plainly met the *prima facie* standard laid down in *Perry* and used by this Court in *Sexual Minorities of Uganda*. The burden is thus on Proctorio to show that the evidence it seeks is "highly relevant," "carefully tailored to avoid unnecessary interference with protected activities," and "otherwise unavailable." *Perry,* 591 F.3d at 1161. Proctorio has not even made a cursory argument that the Subpoena meets this standard.

**II.    Proctorio mischaracterizes its own subpoena, exaggerating its relevance and minimizing its burden.**

Proctorio characterizes the Subpoena as a narrow request "for which there would only be two necessary search terms ('Proctorio' and 'Johnson')." Opp. Mem. at 14. This is simply incorrect. As Proctorio's Opposition states, "the sole question" before the court "is whether FFTF

---

[1] Although Proctorio has offered to allow disclosure under an "Attorneys' Eyes Only" designation, Opp. Mem. at 16, such a designation is not relevant to the question of whether FFTF has met its *prima facie* burden.

must produce documents in response to [Request for Production ("RFP")] No. 5." Opp. Mem. at 8. RFP No. 5 seeks "ALL DOCUMENTS AND COMMUNICATIONS RELATED TO [Proctorio], excluding any privileged or publicly available materials, from January 1, 2018, to the present." *Id*. at 7. "Johnson" does not enter into RFP No. 5 at all. Even accepting, *arguendo*, Proctorio's newly offered modification,[2] RFP No. 5 remains irrelevant and unduly burdensome.

### A. The Subpoena seeks documents irrelevant to the litigation at hand.

Proctorio's proffered counterclaims and defenses—trade libel, tortious interference, and unclean hands—all depend on evidence of Erik Johnson's intent and actions, not FFTF's. The Opposition concedes as much. *See* Opp. Mem. at 9 (seeking evidence of "Johnson's intent to disparage Proctorio"), 11 (seeking "documents speaking to Johnson's intent"). But RFP No. 5 demands materials that have no relation to Johnson whatsoever, let alone Johnson's intent. Proctorio's attempt to rewrite RFP No. 5 to materials that contain the keywords "Proctorio," and "Johnson" still fails, as it offers no explanation as for how materials to which Johnson had no access could reveal "Johnson and FFTF's joint intention to disparage" Proctorio and "collaboration between FFTF and Mr. Johnson." *Id.* at 9-10.

Proctorio insists that RFP No. 5 will turn up materials akin to those already produced under RFP No. 1.[3] *Id.* at 9-11. FFTF has already produced all such materials in its possession.[4] If

---

[2] It is unclear whether Proctorio's reinterpretation of the Subpoena is meant to narrow RFP No. 5 to documents that contain *both* "Proctorio and Johnson," Opp. Mem. at 14, expand it to documents that contain *either* "Proctorio or Johnson," *id.* at 16, or simply conflate RFPs No. 1 and 5. In any event, none of these formulations are consistent with the text of the Subpoena.

[3] RFP No. 1, as agreed to, seeks "ALL DOCUMENTS AND COMMUNICATIONS between FIGHT FOR THE FUTURE and [Johnson] RELATING TO [Proctorio] and the PROCTORING SOFTWARE INDUSTRY, excluding any privileged or publicly available materials, from January 1, 2018, to the present." Opp. Mem. at 4.

[4] During this litigation, Proctorio notified FFTF of two overlooked emails already in Proctorio's possession through discovery against Johnson. Once notified, FFTF was able to locate and promptly produced those emails and performed an additional search to ensure no other responsive correspondence was missed.

3

Proctorio believes otherwise, it is free to make that claim. However, Proctorio offers no explanation for why RFP No. 5 is necessary to reach such materials. Indeed, the very existence of RFP No. 1 undermines this argument. If there were any evidence of some grand conspiracy between FFTF and Johnson, it would be responsive to RFP No. 1. Proctorio's demand for more exceeds the scope of its litigation against Johnson—and ignores this Court's admonition against overbroad third-party subpoenas based on equitable defenses. *See Blount Intern., Ltd. v. Schuylkill Energy Resources, Inc.*, 124 F.R.D. 523, 527–528 (D. Mass. 1989) ("[Defendant] may not, under the guise of defending against [Plaintiff's] claims for equitable relief, inquire into [a non-party's] activities."). Proctorio's conclusory assertions of relevance do not meet the standard required to subpoena a non-party, let alone the heightened standard under the First Amendment.

### B.  The Subpoena imposes a significant burden on FFTF.

Contrary to Proctorio's assertions, Opp. Mem. at 14, RFP No. 5 cannot be satisfied with a simple keyword search. FFTF might well possess documents or communications that are "related to" Proctorio but do not mention it by name. *See* FFTF Mem. at 11. FFTF has been advocating actively on matters involving e-proctoring since 2020 and has led major campaigns across multiple media platforms critiquing Proctorio and its competitors. Gaudette Decl. ¶¶ 5, 6, 12, 14. To comply with RFP No. 5, FFTF would need to search multiple repositories, including, but not limited to, staff email accounts, for a variety of search terms, then review thousands of results to determine whether they are "related to" Proctorio. Those steps impose an undue burden, especially given the utter lack of relevance of RFP No. 5, *see Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008) (noting that court may consider relevance and necessity in assessing burden).

The cases Proctorio cites as counterexamples are plainly distinguishable. For example, in *Creative Machining and Molding Corporation v. CRC Polymer Systems, Inc.*, the court held that a third-party subpoena *was* overly burdensome and limited a search to no more than four email

4

accounts for ten search terms. *See* No. 17-30034-MAP, 2018 WL 1440320, *3 (D. Mass. Mar. 22, 2018). RFP No. 5, by comparison, is not limited to email, let alone specific employees, and as explained above cannot be completed with a keyword search. In *Behrend*, the court was disinclined to believe the non-party's claims about burden given the revelation at oral argument that it owned "20 radio stations, 13 newspapers, and broadcast towers located in 6 states." 248 F.R.D. at 87 n.5. FFTF, by contrast, is a small non-profit (and has not concealed ownership of a media empire from this Court). The scope of production that was non-burdensome in *Behrend* would plainly be burdensome here, even aside from Proctorio's tenuous relevance claims.

### III.    Conclusion

For the reasons set forth in FFTF's Motion to Quash and the foregoing memorandum, FFTF respectfully requests that the Court modify the Subpoena to require production only of correspondence pursuant to RFP No. 1, which FFTF has already produced, and to quash any and all of the Subpoena's remaining requests for production.

Dated: March 14, 2022

Respectfully submitted,

/s/ Kendra. K. Albert
Kendra Albert (BBO No. 705086)
   *Honorific/Pronouns: Mx., they/them/their*
Mason Kortz (BBO No. 691257)
   *Honorific/Pronouns: Mr., he/him or they/them*
Cyberlaw Clinic
Harvard Law School
1557 Massachusetts Ave, 4th Floor
Cambridge, MA 02138
Tel: 617-384-9125
Fax: 617-812-3050
Email: kalbert@law.harvard.edu

*Counsel for Fight for the Future*

5

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and first-class mail or email copies will be sent to those indicated as non-registered participants, on March 14, 2022.

Dated: March 14, 2022                            /s/ Kendra K. Albert
                                                 Kendra K. Albert
                                                   *Honorific/Pronouns: Mx., they/their/them*